IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| MEGAN MCDONALD, | ) |
|         Plaintiff, | ) |
| | ) |
| v. | ) No. 16-CV-6124-FJG |
| | ) |
| CHAR-BROIL, LLC, et al., | ) |
|         Defendants. | ) |

## ORDER

Pending before the Court is Defendant Lowe's Home Centers, LLC's Motion to Dismiss Counts I and II of Plaintiff's Petition Pursuant to Mo. Rev. Stat. § 537.762 (Doc. No. 9).

**I. Background**

Plaintiff filed the pending action on August 16, 2016, in the Circuit Court of Platte County. Defendant Char-Broil, LLC, timely removed the action on September 21, 2016, asserting diversity of citizenship.

Plaintiff alleges that defendants Char-Broil, LLC and Lowe'ss Home Centers, LLC are responsible for a house fire on plaintiff's property allegedly caused by a Char-Broil brand propane gas grill purchased at Lowe's, causing over $500,000 in damages. Plaintiff asserts claims for: (1) Strict liability for product defect against both defendants; (2) Strict liability for failure to warn against both defendants; (3) Breach of implied warranty of fitness for a particular purpose against both defendants; (4) Breach of implied warranty of merchantability against both defendants; (5) Breach of express warranty against both defendants; (6) Negligence against both defendants; and (7)

Violation of the Missouri Merchandising Practices Act against both defendants. See Doc. No. 1-1.

Defendant Lowe's Home Centers, LLC ("Lowe's") moves to dismiss Counts I and II (the claims for strict liability for product defect and failure to warn) under Missouri's Innocent Seller Statute, R.S.Mo. § 537.762.

## II. Motion to Dismiss (Doc. No.9)

### A. Standard

Federal Rule of Civil Procedure 8 requires that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to meet the standard, and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Twombly and Iqbal did not abrogate the notice pleading standard of Rule 8(a)(2)." Hamilton v. Palm, 621 F.3d 816, 817 (8th Cir. 2010). To meet the plausibility standard, "[a] Plaintiff need only allege facts that permit a reasonable inference that the defendant is liable, even if the complaint 'strikes a savvy judge that actual proof of the facts alleged is improbable' and recovery 'very remote and unlikely.'" Id. at 819 (quoting Braden v. Wal-Mart Stores, 588 F.3d 585, 594 (8th Cir. 2009)).

### B. Analysis

Defendant Lowe's moves the Court for an order dismissing it as a party on Counts I and II under Missouri's Innocent Seller statute, R.S. Mo. § 537.762.

2

Section 537.762 provides that a defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim: "This section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." R.S.Mo. § 537.762.2. Defendant Lowe's has attached an affidavit pursuant to the Innocent Seller statute indicating that it is aware of no facts or circumstances upon which a verdict might be reached against it as to Counts I and II, other than as a seller in the stream of commerce.

Plaintiff responds that the Innocent Seller statute does not apply in cases where independent negligence claims are pled. See Platt v. PPG Indus., Inc., No. 4:10-CV-874 CAS, 2010 WL 3733578, *4 (E.D. Mo. Sept. 20, 2010). See also Dorsey v. Sekisui American Corp., 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999) (noting that the purpose of the statute is to dismiss a seller at an early stage, sparing the seller from engaging in costly discovery and eliminating the need to seek indemnification from the manufacturer after litigation is complete); Spears v. Bayer Corp., No. 03-1151-CV-W-GAF, 2004 WL 7081940, at *3 (W.D. Mo. Mar. 29, 2004) (indicating that in order for the Innocent Seller statute to apply, the defendant must "establish that its potential liability is based entirely on its status as a seller"); Riffle v. Frontera Product Ltd., No. 13-CV-0791-FJG, 2014 WL 5810201, at *4 (W.D. Mo. Nov. 7, 2014) (indicating that where a negligence claim has been alleged, the Innocent Seller statute was inapplicable); Sappington v. Skyjack Inc., No. 04-5076-CV-SW-FJG, 2008 WL 795598, at *3 (W.D. Mo. Mar. 20, 2008) (same). Here, plaintiff alleges that the grill was assembled negligently by Lowe's employees. Therefore, plaintiff states that because the Innocent Seller statute does not

3

change the substantive law relating to an innocent seller's liability (see Dorsey, 79 F.Supp. 2d at 1091), there is no point in dismissing Counts I and II at this time.

Upon consideration, the Court **DENIES** Lowe's motion to dismiss (Doc. No. 9). The Court must consider the well-pled allegations of plaintiff's complaint when considering whether plaintiff has pled an independent claim for negligence. Here, as discussed by plaintiff, such a claim has been sufficiently pled, making the Innocent Seller statute inapplicable at this time.

### III. Conclusion

Therefore, for the foregoing reasons, Lowe's Motion to dismiss (Doc. No. 9) is **DENIED**.

**IT IS SO ORDERED.**

Date: _November 21, 2016_              **/S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                       Fernando J. Gaitan, Jr.
                                                    United States District Judge